BOLIN, Judge.
This case was consolidated for trial and appeal with Tri-State Concrete Company, Inc., d/b/a Minden Concrete Company v. Raymond E. Smith and S. B. Watts, 233 So.2d 304. The consolidated actions were initiated by Turner Lumber Company and Tri-State Concrete Company to recover the price of materials and concrete furnished to S. B. Watts, a contractor, who used the materials in the construction of a “shell” house for defendant, Raymond E. Smith. Both Smith and Watts filed third-party demands against each other. There was a trial on the merits but the testimony of the witnesses was not transcribed. The trial judge rendered a written opinion in which he detailed the testimony as reflected by his notes. For reasons assigned in his opinion judgment was rendered in favor of plaintiff against Smith and Watts, in solido, and in favor of Smith against Watts for *303 all sums Smith was required to pay plaintiff, plus an additional sum of $838.62. This latter amount represented the expenses incurred by Smith in the completion of the house after Watts discontinued work thereon. All demands of Watts were rejected and he appeals.
The only issues on appeal are those raised by defendants in their third-party demands.
The undisputed facts are these: Smith and Watts entered into a written contract (which was not recorded) whereby Watts was to complete a shell home for Smith on the latter’s farm; materials and labor were to be furnished by Watts and the dwelling was to be built to specifications according to a drawing attached to the contract. The agreed total consideration for the building was $8,375, payable as follows : $5,000 down; $2,000 cash to be paid immediately after the roof decking had been installed; and the balance of $1,375 to be paid upon completion of all work and furnishing of all materials. The contract was dated August 9, 1968, and called for completion before November 9, 1968.
According to the lower court’s opinion, work commenced immediately and the initial payment of $5,000 cash was paid. On or about September 12, 1968, the parties went to the office of the attorney who had prepared the contract where Watts demanded the $2,000 payment due upon completion of the roof decking. The court found Smith offered to pay the $2,000, but only by check naming Watts and the two plaintiffs as payees, as Smith learned the material and concrete bills incurred by Watts had not been paid. Watts allegedly refused to accept the limited payment and did no more work on the house.
The testimony was conflicting as to whether Smith locked him out of the house or Watts refused to continue construction. At any rate, Smith employed other labor and had the work completed at a cost of $838.62.
The trial judge accepted the version of the disagreement between Smith and Watts as contained in brief of counsel for Smith, although he points out counsel did not take the stand and the matter contained in the brief should not be considered as evidence. He concluded Watts was not “in the clear” in refusing to continue work after Smith had tendered the $2,000 on condition the supplier be paid off first. Nevertheless, the judge did not completely absolve Smith from blame inasmuch as Smith did not have the contract, prepared by his attorney, recorded nor did he require a bond. As a result of the trial judge’s finding that Watts was not “in the clear” (presumably meaning he was not without fault in breaching the contract) he held Watts to be liable to Smith for all sums which Smith had to pay plaintiffs for materials and concrete as well as the actual cost of completion. He denied Watts recovery of the balance called for in the contract.
Appellant urges that the trial court erred in failing to allow Watts to recover the balance due under the contract. In support of this position Pittman Construction Company v. Housing Authority of New Orleans (La.App. 4 Cir. 1964), 169 So.2d 122 (writ refused) is cited as holding that where a contractor has been denied progress payments, agreed upon in the contract, he is justified in refusing to proceed with the work which is substantially completed. In that case it was held the contractor was entitled to recover the balance due under the contract.
Smith contends that under the contract Watts was to furnish the materials; that failure of Watts to pay for the materials purchased from the two plaintiffs was tantamount to a “failure to furnish” the materials, and such failure was a breach of the contract entitling Smith to damages.
From our review of the testimony as found in the trial judge’s opinion we are unable to determine, with any degree of certainty, by whose fault the contract was breached. We think it was erroneous to consider the version of the disagreement as put forth by counsel in brief since the *304 attorney failed to take the stand and statements in brief are not properly considered as evidence.
Our view of the matter is that both parties are equally at fault. We fail to find bad faith on the part of either Smith or Watts. As a consequence Watts, having substantially complied with the contract, is entitled to recover the balance due under the contract. [La.C.C.1934(l)] On the other hand, we find Smith entitled to reimbursement for all sums which Smith will be required to pay plaintiffs for materials used in construction of the house and for which Watts was liable under the contract. Further, we find Smith entitled to recover the sum of $838.62 expended in completion of the shell home.
Accordingly, that portion of the judgment of the lower court awarding judgment in favor of plaintiff Floyd C. Turner, d/b/a Turner Lumber Company, and against Raymond E. Smith and S. B. Watts, in solido, is affirmed. In all other respects the judgment appealed from is reversed and it is now:
Ordered, Adjudged and Decreed that there be judgment in favor of third-party plaintiff, Raymond E. Smith, and against third-party defendant, S. B. Watts, for all sums Smith is required to pay to the original plaintiff Floyd C. Turner Lumber Company, d/b/a Turner Lumber Company, and for an additional amount of $838.62, together with legal interest thereon from judicial demand until paid.
It is further ordered that third-party plaintiff, S. B. Watts, have judgment against third-party defendant, Raymond E. Smith, for $3,325 (the balance due under the contract) less $838.62 (the amount due by Watts to Smith), together with legal interest from judicial demand until paid.
It is further ordered that all costs of these proceedings in the lower court and on appeal be paid equally by Raymond E. Smith and S. B. Watts.